UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: WRIGHT MEDICAL TECHNOLOGY, INC., CONSERVE
HIP IMPLANT PRODUCTS LIABILITY LITIGATION**                    MDL No. 2329

**TRANSFER ORDER**

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiff in a Southern District of Georgia action (*James*) moves for centralized pretrial proceedings in the Northern District of Georgia. Plaintiff's motion encompasses five actions pending in five districts, as listed on Schedules A and B. The cases in this litigation primarily involve alleged defects in Wright's Conserve line of hip implant products.[1]  Most plaintiffs' claims focus upon the metal-on-metal design of the Conserve products and the alleged propensity of the devices to generate high levels of metal debris, cause metallosis in the surrounding tissue and/or fail early (including loosening of the acetabular cup).  The Panel has been notified of seventeen additional, potentially related actions pending in nine districts.[2]

I.

Defendants[3] oppose centralization and, alternatively, support selection of the Northern District of Georgia as the transferee district.  Plaintiffs in three potential tag-along actions pending, respectively, in Arizona, Colorado and Oregon also oppose centralization but only to the extent that it will delay the progress of their respective actions; these plaintiffs suggest centralization in the District of Arizona.   Plaintiffs in the Northern District of California *Tucker* action oppose centralization of their action.  Responding plaintiffs in the District of Utah *Snitkoff* action and six potential tag-along actions primarily support centralization in the Northern District of Georgia.

---

[*]  Judges W. Royal Furgeson, Jr., and Marjorie O. Rendell did not participate in the decision of this matter.

[1]  Conserve Femoral Surface Replacement; Conserve Plus Total Resurfacing Hip System; Conserve Total A-Class Advanced Metal; and Conserve Total Hip System.

[2]  These actions and any other related actions are potential tag-along actions.  *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

[3]  Wright Medical Group, Inc., and Wright Medical Technology, Inc. (collectively Wright).

- 2 -

Certain plaintiffs suggest the Central District of California or the Southern District of Georgia as alternative transferee districts.

Wright sets out a number of reasons for opposing centralization. First, it says that the multiple intervening causation issues – such as a given plaintiff's health, medical issues and lifestyle – are prominent in all actions. Therefore, Wright asserts, the actions are actually dissimilar. However, almost all injury litigation involves questions of causation that are case- and plaintiff-specific. Such differences have not been an impediment to centralization in the past. *See, e.g., In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F.Supp.2d 1376, 1378 (J.P.M.L. 2010).[4] Wright also suggests that certain of plaintiffs' contentions regarding the Conserve device are wholly without merit. As the Panel held long ago, "[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations." *In re: Kauffman Mutual Fund Actions*, 337 F.Supp. 1337, 1339-40 (J.P.M.L. 1972). Wright also strongly questions moving plaintiff's motives for seeking centralization. In short, Wright's arguments are not convincing to us in these circumstances. Wright can seek dismissal or other relief from the transferee judge, who will be intimately familiar with the nuances of this litigation.

For all these reasons, on the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual questions concerning design, manufacture, marketing and performance of Wright's Conserve line of hip implant products. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary.

II.

A few other matters on individual cases require our attention.

Plaintiffs in the Northern District of California *Tucker* action oppose centralization of their action on the grounds that plaintiff did not receive a Conserve device. Wright agrees, as does moving

---

[4] "In opposing centralization, Zimmer argues, *inter alia*, that the actions involve multiple individualized fact issues (for example, with respect to causation), and that creation of an MDL might derail its ongoing efforts to settle claims involving the Durom Cup quickly and without the expenditure of substantial time and resources. We understand these arguments, but our experience causes us to respectfully disagree as to their significance. Though the actions certainly present some individual issues, this is usually true of device cases and other products liability cases."

- 3 -

plaintiff, who acknowledges having mistakenly included *Tucker* on the motion for centralization. Given the agreement of the parties, we decline to centralize this unrelated action.

Relatedly, it is unclear whether plaintiff in the District of Arizona *Welch* action includes allegations regarding a Conserve device or whether the action is exclusively focused on non-Conserve components of her hip implant. Given the possibility that plaintiff in *Welch* is making some claims regarding a Conserve hip implant, we are unwilling, based on the record before us, to conclude that *Welch* warrants exclusion from the centralized proceedings. Instead, we encourage the transferee judge to scrutinize whether plaintiff alleges defects associated with a Conserve device. If the transferee judge discovers that a Conserve hip implant is, in fact, not at issue in *Welch* (or any other transferred action), then we encourage him to promptly suggest that the Panel remand such action to the transferor court. *See* Rule 10.1(b), R.P.J.P.M.L.; *In re ClassicStar Mare Lease Litig.*, 528 F.Supp.2d 1345, 1347 (J.P.M.L. 2007).

The concerns of plaintiffs in three potential tag-along actions that centralization may slow the progress of their respective action are best addressed by opposing the conditional transfer order covering the actions, if issued, or by presenting such arguments to the transferee judge.

III.

Finally, we conclude that the Northern District of Georgia is an appropriate transferee district for centralized pretrial proceedings in this litigation. These cases involve medical devices that are marketed and sold throughout the nation. Wright is based in Arlington, Tennessee, and most parties agree that N.D. Georgia would be an appropriate transferee forum. The district is geographically central, accessible, and enjoys favorable docket conditions. Further, Judge William S. Duffey, Jr., is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable William S. Duffey, Jr., for coordinated or consolidated pretrial proceedings.

- 4 -

IT IS FURTHER ORDERED that transfer of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____

John G. Heyburn II
Chairman

Kathryn H. Vratil          Barbara S. Jones
Paul J. Barbadoro         Charles R. Breyer

ATTEST:  A TRUE COPY
CERTIFIED THIS

FEB 24 2012

James N. Hatten, Clerk
By:
Deputy Clerk

**IN RE: WRIGHT MEDICAL TECHNOLOGY, INC., CONSERVE**
**HIP IMPLANT PRODUCTS LIABILITY LITIGATION**                    MDL No. 2329

## SCHEDULE A

<u>District of Arizona</u>

Virginia M. Welch v. Wright Medical Technology Inc., et al., C.A. No. 2:11-002113

<u>Central District of California</u>

Carole Kearn v. Wright Medical Group, Inc., et al., C.A. No. 5:11-01652

<u>Southern District of Georgia</u>

Danny L. James, Sr. v. Wright Medical Technology, Inc., et al., C.A. No. 2:11-00200

<u>District of Utah</u>

Eric B. Snitkoff v. Wright Medical Technology, Inc., et al., C.A. No. 2:11-00390