John A. Anderson (4464)
jaanderson@stoel.com
Timothy M. Considine (13179)
tmconsidine@stoel.com
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131

Attorneys for Defendants Wright Medical Technology
Inc. and Wright Medical Group, Inc.

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| ERIC B. SNITKOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation, and WRIGHT MEDICAL GROUP, INC. a Delaware corporation,<br><br>Defendants. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 (DIVERSITY)**<br><br>Case No. _____<br><br>The Honorable_____ |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc., ("Wright Medical"), by and through their undersigned counsel, file this Notice of Removal to remove this action from the Third Judicial District for the County of Salt Lake, Utah, where this action is now pending, to the United States District Court for the District of Utah. In support of this Notice of Removal, Wright Medical states:

### BACKGROUND

1. On March 31, 2011, Plaintiff commenced an action against Wright Medical in the Third Judicial District for the County of Salt Lake, Utah, entitled *Eric B. Snitkoff v. Wright*

*Medical Technology, Inc. and Wright Medical Group, Inc.*, Case No. 10-0921-765 (the "State Court Action"). Copies of the Complaint and Amended Complaint are attached as Exhibits A and B. Wright Medical was served with the suit papers on March 31, 2011. A copy of the Summons is attached as Exhibit C.

2. This Notice of Removal is timely filed with this Court as required by 28 U.S.C. § 1446(b), since it is filed within thirty (30) days of Wright Medical's first notice of Plaintiff's initial pleadings.

3. All Defendants consent to this removal.

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs. The United States District Court for the District of Utah is the district in which the state court action was filed. Removal of the State Court Action to this Court is therefore appropriate under 28 U.S.C. § 1441.

## DIVERSITY OF CITIZENSHIP

5. Plaintiff Eric B. Snitkoff is a citizen of the state of Utah.

6. At the time this action was filed, at the time of this Notice of Removal and at all relevant times, Wright Medical was and is a Delaware corporation with its principal place of business in Arlington, Tennessee. Therefore, Wright Medical is not a citizen of the state of Utah.

## AMOUNT IN CONTROVERSY

7. Plaintiff alleges that he underwent a hip replacement surgery during which he received a hip implant manufactured by Wright Medical. *See* Amended Complaint, Ex. B at ¶¶ 7, 8. Plaintiff alleges, among other things, that the hip implant was defective and negligently

designed and manufactured. *Id.* at ¶ 9. Plaintiff contends that he was forced to undergo a revision surgery to replace the allegedly defective hip device, purportedly resulting in pain, suffering, disability, and mental distress. *Id* at ¶ 15.

8. Upon information and belief, and based upon the pleadings and alleged injuries, the amount in controversy in this civil action exceeds $75,000, exclusive of interest or costs. Despite the fact that the Complaint does not specify the total amount of recovery that Plaintiff is seeking, "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). To determine whether the jurisdictional amount in controversy has been met, the Court may make an independent evaluation of the monetary value of the claim based on the allegations in the complaint. *See id*; *see also Kennard v. Harris Corp.*, 728 F. Supp. 453, 454 (E.D. Mich. 1989); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1308 (E.D. Ky. 1990); *Smith v. Executive Fund Life Ins. Co.*, 651 F. Supp. 269, 270 (M.D. La. 1986) ("In determining the amount in controversy in a case where the plaintiff does not pray for a specific amount the court may look to the petition for removal or make an independent evaluation of the monetary value of the claim."); *Lewis v. AT&T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995) (noting that the court is permitted to take into account the defendant's notice of removal where plaintiff's complaint fails to specify the amount of damages demanded); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (noting that where the complaint contains no specification of damages, the Court will consider the allegations in the notice of removal).

9. Plaintiff alleges that he has suffered disability, considerable pain and suffering, loss of enjoyment of life, and mental distress as a consequence of the allegedly defective product. *See, e.g.*, Amended Complaint, Ex. B at ¶ 15.

10. The allegations of Plaintiff's serious personal injuries and pain and suffering are evidence that the amount in controversy more likely than not exceeds the jurisdictional minimum. *Kennard v. Harris Corp.*, 728 F. Supp. at 454 (finding that jurisdictional minimum was likely met when plaintiff's alleged damages included pain, suffering, disability and mental anguish); *see also Turner v. Wilson Foods Corp.*, 711 F. Supp. 624 (N.D. Ga. 1989); *Reiff v. Convergent Technologies*, No. 95-3575, 1995 U.S. Dist. LEXIS 15535, at *11-13 (D.N.J. Oct. 20, 1995); *Hogg v. Rust Indus. Cleaning Serv., Inc.*, 896 F. Supp. 655, 658 (E.D. Tex. 1995) (expansive, broad allegations as to the scope of damages are evidence that the amount in controversy could exceed the jurisdictional minimum).

11. A fair reading of the Amended Complaint, coupled with the experience of undersigned counsel in these types of cases, as well as the magnitude of damage awards in state and federal courts in this district, reasonably indicate that the amount in controversy, exclusive of interests and costs, exceeds $75,000. *See Kennard v. Harris Corp.*, 728 F. Supp. at 454; *see also Teajman v. Frigoletti*, No. 96-4779, 1997 U.S. Dist. LEXIS 23847, at *11-15 (D.N.J. Feb. 11, 1997) (defendant on notice that claim exceeded jurisdictional amount where plaintiff alleged in complaint that she suffered severe permanent injuries); *Lee v. Altamil Corp.*, 475 F. Supp. 979 (M.D. Fla. 1978) (where a plaintiff alleged serious permanent injury, substantial medical expenses and great pain and suffering, a fair reading of the complaint would place defendant on notice of the substantial damages involved); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 542 (S.D. Fla. 1986) ("where a fair reading of the complaint in a state suit based on serious personal injuries places the defendant on notice as to the substantial amount of damages involved, the defendant should be aware that the case is removable even though the plaintiff merely alleges the state court's minimum jurisdictional amount"). Therefore, removal is appropriate.

## PROCEDURAL REQUIREMENTS

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other papers served upon Wright Medical relative to the State Court Action are attached as Exhibits A-C.

13. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Third Judicial District for the County of Salt Lake, Utah, and a copy of this Notice of Removal will be served on the attorneys for Plaintiff as required by 28 U.S.C. § 1446(d).

14. By filing this Notice of Removal, Wright Medical does not waive any defense that may be available to it, including defects as to service of process, venue, or jurisdiction.

15. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in accordance with 28 U.S.C. § 1446. The statements and allegations herein are true and correct to the best of the knowledge and belief of the undersigned upon review of the material available, including Exhibit A hereto.

16. Based on the foregoing, Defendant Wright Medical has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and that this action is one that may be removed to this Court by Defendant Wright Medical pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

WHEREFORE, the filing of this Notice of Removal effects the removal of the above-described action now pending in the Third Judicial District for the County of Salt Lake, Utah, to this Court.

STOEL RIVES LLP

Dated: April 29, 2011     By____/s/ John A. Anderson_____
                            John A. Anderson, Esq.
                            Timothy M. Considine, Esq.
                            201 S. Main St., Suite 1100
                            Salt Lake City, Utah 84111

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 (DIVERSITY)** of Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc. was served by first class mail, postage prepaid, on this 29th day of April, 2011 upon the following:

Franklin Richard Brussow
P.O. Box 71705
Salt Lake City, Utah 84171

*Attorney for Plaintiff*

/s/ Stacy A. Kamaya