**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: WRIGHT MEDICAL TECHNOLOGY, INC. CONSERVE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | : : : : : : : : : | CIVIL ACTION NO. 1:12-md-02329-WSD |
| JAMES TICE | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:12-cv-00613-WSD |
| WRIGHT MEDICAL TECHNOLOGY, INC., WRIGHT MEDICAL GROUP, INC., and WRIGHT MEDICAL EUROPE S.A. | : : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : : | |

**DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC., WRIGHT
MEDICAL GROUP, INC., AND WRIGHT MEDICAL EUROPE S.A.
MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT, AND
SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Wright

Medical Technology, Inc., Wright Medical Group, Inc., and Wright Medical

Europe, S.A. by and through their undersigned counsel, respectfully move this

Court to dismiss certain counts of Plaintiff's Complaint and submits this

Memorandum of Law in support of their Motion.

## I.   INTRODUCTION

Defendants Wright Medical Technology, Inc., Wright Medical Group, Inc., and Wright Medical Europe S.A. (collectively "Wright Medical"), by and through their undersigned counsel, respectfully submit the following Memorandum of Law in support of their Motion to Partially Dismiss Plaintiff's Complaint.[1]  Specifically, Plaintiff's claims for negligence per se (Count I); fraudulent misrepresentation (Count V); fraudulent concealment (Count VI); negligent misrepresentation (Count VII); fraud (Count VIII); and violation of the Oregon Unlawful Trade Practices Act (Count IX) should be dismissed as a matter of law or because they fail to allege facts sufficient to support a claim for relief against Wright Medical.[2]

## II.   FACTUAL BACKGROUND

Plaintiff James Tice alleges that he received a hip implant manufactured by Wright Medical on May 18, 2009.  *See* Compl. at ¶ 10.  After the surgery, Plaintiff alleges that he began to suffer pain and swelling in his hip and metallosis.  *Id.* at ¶ 11.  On March 29, 2011, Plaintiff underwent a revision surgery to remove the

---

[1] Wright Medical will file its response addressing Plaintiff's claims in Counts II, III, IV, and VII of the Complaint after the Court's ruling on this Motion.

[2] This matter was transferred from the District of Oregon to this Court as part of the consolidated multidistrict proceedings.  Plaintiff resides in Oregon and the conduct giving rise to this action occurred in Oregon.  Accordingly, this motion to dismiss is based on Oregon law.

implant.  *Id.* at ¶ 12.   Plaintiff alleges that the Wright Medical hip implant he received was defective and unreasonably dangerous because the device "results in the nearly immediate systemic release of high levels of toxic cobalt-chromium ions into every hip implant patient's tissues and blood stream."  *Id*. at ¶ 45.

On this basis, Plaintiff purports to state claims against Wright Medical for negligence (Count I), strict product liability (Count II), breach of express warranty (Count III), breach of the implied warranties (Count IV), fraudulent misrepresentation (Count V), fraudulent concealment (Count VI), negligent misrepresentation (Count VII), fraud (Count VIII), and violation of the Unlawful Trade Practices Act (Count IX).   For the reasons stated below, Counts I, V, VI, VII, VIII, and IX should be dismissed for failure to state a claim.

## III.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.     12(b)(6) Motion to Dismiss Standard.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  *See Henderson v. Sun Pharms. Indus.*, No. 4:11-CV-0060-HLM, 2011 U.S. Dist. LEXIS 104999, at *6, (N.D. Ga. August 22, 2011).   However, a court is not required to accept the

plaintiff's legal conclusions. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Indeed, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Claims are capable of surviving a Rule 12(b)(6) motion only if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level . . . on the assumption that all [of] the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555.

As emphasized by *Iqbal*, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is "plausible" on its face:

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief.

*Iqbal*, 129 S. Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)) (internal citations omitted).

With these standards in mind, it is evident that Plaintiff has failed to articulate claims for negligence per se, fraudulent misrepresentation, fraudulent concealment, fraud, negligent misrepresentation and unlawful trade practices.

**B.      Plaintiff's Claim for Negligence Per Se Should be Dismissed For Failure to State a Claim (First Cause of Action).**

In the First Cause of Action of his Complaint, Plaintiff attempts to state claims for negligence and negligence per se.  However, to the extent that Count I is based on a negligence per se theory, it must be dismissed because Plaintiff has not adequately alleged such a claim.

First, Plaintiff's Complaint does not identify any specific statute or regulation which Wright Medical allegedly violated and which should be adopted as the standard of care.  Instead, Plaintiff generally asserts that Wright Medical "violated statutes, rules, and ordinances concerning the manufacturing, marketing, and/or testing of their product." *See* Compl. at ¶ 66.  Such a generic allegation is insufficient under Oregon law as Wright Medical is "entitled to know the specific statutes, rules and regulations which form the basis for the negligence per se claim." *See Pincetich v. Jeanfreau*, 699 F. Supp. 1469, 1477 (D. Or. 1998) (dismissing negligence per se claim because allegation that "defendants are negligence per se for violations of Oregon statutes, Oregon Administrative Rules, federal statutes, Federal Regulations, and regulations and rules of the NASD and

NYSE" was insufficient in that it did not identify the specific statute). Accordingly, because Plaintiff does not identify any specific statute or regulation which Wright Medical allegedly violated, similar to the claim in *Pincetich*, Plaintiff's claim for negligence per se must be dismissed.

Second, a claim for negligence per se must also allege that Plaintiff is a member of the class of persons meant to be protected by the statute, and that the injury is the type for which the statute was enacted to protect. *See Gattman v. Favro*, 739 P.2d 572 (Or. Ct. App. 1987). Plaintiff's Complaint does not even contain a threadbare recital of these elements, let alone any specific allegations meeting this pleading standard.

For these reasons, Count I of Plaintiff's Complaint, to the extent that it is based on a negligence per se theory, must be dismissed.

**C.    Plaintiff's Claims for Fraud, Fraudulent Concealment, Fraudulent Misrepresentation, and Negligent Misrepresentation Must Be Dismissed for Failure to Satisfy the Heightened Pleading Requirements of 9(b).**

Plaintiff attempts to allege three claims rooted in fraud: fraudulent misrepresentation (Count V); fraudulent concealment (Count VI); fraud (Count VIII) and negligent misrepresentation (Count VII). Each of these claims are not adequately pled, however, because they fail to aver fraud with the requisite particularity as required under the Federal Rules.

Under Fed. R. Civ. P. 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *In re Kimmel*, No. NC-06-1252-PaDB, 2006 Bankr. LEXIS 4845, at *19-20 (9th Cir. Bankr. December 29, 2006). "A failure to plead fraud with the requisite particularity constitutes sufficient grounds to dismiss a complaint." *Id.* at 20 (citing *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987)). "According to the Ninth Circuit, to properly plead fraud with particularity, the complaint must allege the time, place, and content of the allegedly fraudulent representation, act or omission, as well as the identity of the person allegedly perpetrating fraud." *Id.* (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994)). "'[M]ere conclusory allegations of fraud are insufficient.'" *Id.* at 20 (quoting *Moore v. Kaypro Package Express*, 885 F.2d 531, 540 (9th Cir. 1989)). "In regard to surviving a motion to dismiss, specificity means a fraud claim requires an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Smith v. U.S. Bank, N.A.*, No. 10-3077-CL, 2011 U.S. Dist. LEXIS 65813, at *41 (D. Or. April 22, 2011) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)); *see also Collegenet, Inc. v. Xap Corp.*, No. CV-03-1229-HU, 2004 U.S. Dist. LEXIS 21059, at *15-19 (D. Or. Oct. 12, 2004) ("[A]verments of fraud must

be accompanied by the who, what, when, where, and how of the misconduct charged.").

With this standard in mind, it is evident that Plaintiff's claims for fraud, fraudulent concealment, fraudulent misrepresentation, and negligent misrepresentation fail to state a claim.

        *1.*    *Plaintiff's Fraudulent Misrepresentation Claim Must be Dismissed (the Fifth Cause of Action).*

Plaintiff's claim for fraudulent misrepresentation (the Fifth Cause of Action) falls well short of the Fed. R. Civ. P. 9(b) standard. *See Smith*, 2011 U.S. Dist. LEXIS 65813, at *42 (dismissing plaintiff's claim of fraudulent misrepresentation for failure to meet the requisite particularity requirements under 9(b)). Nowhere in his Complaint does Plaintiff adequately allege the "who, what, where, why and when" of the alleged misrepresentation. Instead, Plaintiff alleges generally, for example, that "Defendants falsely and fraudulently represented to the medical and healthcare community, and to Plaintiff, the FDA and the public in general, that said product…had been tested and found to be safe and effective…" *See* Compl. at ¶ 124. These allegations, however, do not identify the timing of these statements, which representative made these statements or how these statements were communicated.

Moreover, Plaintiff does not set forth an explanation as to what is false or misleading about any of Wright Medical's alleged statements or why they are false. Instead, Plaintiff broadly concludes "[t]he representations made by Defendants were, in fact, false." *See* Compl. at ¶ 125. Without any detail as to why and how these alleged statements are false, Plaintiff's fraudulent misrepresentation claim fails. *See Collegenet, Inc.*, 2004 U.S. Dist. LEXIS 21059, at *16-17 ("the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading' [and] … that the statement complained of was false or misleading at the time it was made.").

2.      *Plaintiff's Claim for Fraudulent Concealment (the Sixth Cause of Action) Does Not State a Claim for Relief.*

Upon review of Oregon case law, it does not appear that fraudulent concealment is an independent claim which provides for any individual theory of liability but instead only acts as a defense to avoid a bar by the statute of limitations. *See, e.g., Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249 (9th Cir. 1978).

Nevertheless, even if fraudulent concealment is a recognized claim in the context it is asserted by Plaintiff, the Sixth Cause of Action still fails to satisfy the requirements of Fed. R. Civ. P. 9(b). *See Collegenet, Inc.*, 2004 U.S. Dist. LEXIS 21059, at *16 ("Rule 9(b)'s heightened pleading standard will apply if the

allegations are such that plaintiff is alleging a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of the claim … [because] the claim is 'grounded in fraud.'").

While Plaintiff alleges a variety of representations which Wright Medical purportedly "concealed" (Compl. at ¶ 139) (the "what"), they fail to allege the timing of this concealment (the "when"), the representatives who withheld such information (the "who), and what is misleading about these concealments (the "why").  Without such allegations, Plaintiff's claim for fraudulent concealment, assuming it is even a viable claim, fails pursuant to the federal pleading standards.

> 3.    *Plaintiff's Claim for Fraud (the Eighth Cause of Action) Also Fails Because the Complaint Does Not Set forth the Elements for Such a Claim with the Requisite Level of Particularity.*

Plaintiff's Count VIII for fraud also falls short of meeting the heightened pleading requirements under Fed. Civ. P. 9(b).  "In Oregon, a plaintiff bringing a fraud claim must establish:  (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation will be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on the representation; and (9)

injury." *Smith*, No. 10-3077-CL, 2011 U.S. Dist. LEXIS 65813, at *41 (D. Or. April 22, 2011) (*citing U.S. Nat'l Bank v. Fought*, 630 P.2d 337 (Or. 1981)).

Similar to the Fifth and Sixth Causes of Action described above, Plaintiff's claim for fraud is not supported by allegations identifying the specifics of Wright Medical's alleged conduct. The majority of Plaintiff's fraud claim is rooted in general and conclusory allegations such as Wright Medical represented that its product did not have "dangerous and serious health and/or safety concerns" (Compl. at ¶¶ 166, 173) or that the "representations were false and misleading" (Compl. at ¶ 164). In fact, nowhere in the 28 paragraphs set forth in Count VIII of his Complaint does Plaintiff identify any person responsible for, the timing of, or the location of any of these purported misrepresentations or omissions. In perhaps his closest attempt at alleging a specific instance on which to base a potential fraud claim, Plaintiff asserts that Wright Medical "intentionally suppressed, ignored and disregarded test results not favorable" to them. *See* Compl. at ¶ 165. However, Plaintiff does not set forth the content of these test results, when and where these tests took place, and who concealed these results. Absent such details, Plaintiff's allegations regarding this unspecified testing should not be credited.

Without any particularity supporting the allegations behind Plaintiff's claim for fraud, Wright Medical is left in the undesirable position of having to guess as to

the basis of Plaintiff's claim.  Such a scenario is exactly what Federal Rule of Civil Procedure 9(b) seeks to prevent and accordingly, like the Fifth and Sixth Causes of Action, the Eighth Cause of Action must be dismissed for failure to plead fraud with the requisite particularity.[3]

> ### 4.     *Plaintiff's Claim for Negligent Misrepresentation Must Be Dismissed.*

Finally, for the same reasons as set forth above in support of dismissing Counts V, VI and VIII, alleging various fraud based claims, Count VII of Plaintiff's Complaint, alleging a claim for negligent misrepresentation, should also be dismissed for failure to meet the particularity requirements of Fed. R. Civ. P. 9(b).  Although the negligent misrepresentation claim is not expressly labeled as "fraud," the Ninth Circuit has held that such claims, based on a purported misrepresentation, must still be plead with the requisite particularity.  *See, e.g., Atlantic Richfield Co. v. Ramirez*, No. 98-56372 1999 U.S. App. LEXIS 8669, at *3 (9th Cir. May 4, 1999).

As is the case with Count V of Plaintiff's Complaint alleging fraudulent misrepresentations, Count VII fails because Plaintiff does not identify the "who,

---

[3]  Similarly, to the extent that any of Plaintiff's fraud based claims are grounded, in part, on Paragraph 95 of the Complaint, alleging that Wright Medical's acts constituted "willfull, wanton and/or reckless conduct," such threadbare recitals cannot be credited.

what, where, and when" of any alleged misrepresentation. Instead, Plaintiff

simply relies on broad generalizations regarding the purported misrepresentation.

Accordingly, Count VII of the Complaint, alleging a claim for negligent

misrepresentation, should be dismissed for failure to comply with the heightened

pleading standards set forth in Rule 9(b).

**D.     Plaintiff's Ninth Cause of Action Fails to State a Claim Under the Unlawful Trade Practices Act.**

Plaintiff's Ninth Cause of Action, alleging a claim under Oregon's Unlawful

Trade Practices Act ("UTPA") must be dismissed because (1) UTPA was not

intended to create a new claim to seek redress for personal injuries and (2) the

"unlawful" conduct is not specifically alleged.

O.R.S. 646.608 outlines various types of conduct which may be classified as

"unlawful trade practice."  UPTA further provides that:

> any person who suffers any ascertainable loss of money
> or property, real or personal, as a result of willful use or
> employment by another person of a method, act or
> practice declared unlawful by ORS 646.608, may bring
> an individual action in an appropriate court to recover
> actual damages or statutory damages of $ 200, whichever
> is greater.

O.R.S. 646.638(1). Interpreting this provision, Oregon courts have held that

UPTA does not provide a remedy for loss resulting from personal injury:

> It is to be noted that this "private enforcement" provision (ORS 646.638), although providing for the recovery of "actual damages," confers the right to bring such an action upon a person who "suffers any ascertainable loss of money or property, real or personal." This is consistent with its purpose to provide for "restitution," i.e., **restitution for economic loss suffered by a consumer** as the result of a deceptive trade practice.
>
> Plaintiff has not called our attention to anything in the legislative history of ORS 646.638 to support his contention to the effect that by the adoption of that provision the legislature intended to confer upon private individuals a **new cause of action for personal injuries**, including punitive damages and attorney fees.

*See Gross-Haentjens v. Leckenby*, 38 Ore. App. 313, 317 (Ore. 1979) (emphasis

added) (holding that UTPA claim against car dealership concerning personal

injuries sustained from automobile accident was improper); *see also Allen v. G.D.*

*Searle & Co.*, 708 F. Supp. 1142, 1157-58 (D. Or. 1989) (granting summary

judgment against plaintiff on UTPA claim because plaintiff sought to recover for

personal injuries caused by contraceptives).

Here, Plaintiff's Complaint, as readily admitted, seeks recovery for personal

injuries stemming from an allegedly defective hip implant device. Indeed, Plaintiff

alleges that his damages include "pain and suffering for severe permanent and

*personal injuries* sustained by the Plaintiff's [sic.], health care costs, medical monitoring." *See* Compl. at Prayer for Relief at ¶ 1 (emphasis added). Because Oregon law clearly prohibits UTPA claims simply seeking to create a "new cause of action for personal injuries," Plaintiff's claim under the statute, attempting to do just that, must be dismissed.

Moreover, for the sake of argument, even if Plaintiff's claim was not seeking relief for personal injuries, his UTPA claim must still be dismissed for failure to adequately plead any "unlawful" conduct. Indeed, Plaintiff has not set forth any fact based allegations to support his claim. Instead, Plaintiff relies upon generalizations that Wright Medical made "material misrepresentations" about the device not having "dangerous and serious health and/or safety concerns" ( Compl. at ¶¶ 166, 173) or that the device did not conform to Wright Medical's representations that the system was "safe" (Compl. at ¶ 1021). Such allegations do not sufficiently identify what specific conduct or misrepresentation by Wright Medical is supposedly unlawful. *See Todd v. Russ Chevrolet Co.*, No. 94-585, 1994 U.S. Dist. LEXIS 11413, at **7-8 (D. Or. Aug. 10, 1994) (granting 12(b)(6) motion to dismiss UPTA claim because general allegations that defendants made "false and misleading misrepresentations" concerning the sale at issue did not sufficiently set forth "facts in support of [plaintiff's] conclusion that [defendant]

made a misrepresentation" in violation of UTPA).   Without any allegations detailing Wright Medical's purportedly unlawful conduct, Plaintiff's Ninth Cause of Action does not adequately set forth the platform for an UTPA claim and therefore should be dismissed.

## IV.    CONCLUSION

For all of the foregoing reasons, Wright Medical respectfully requests that

Counts I, V, VI, VII VIII and IX of Plaintiff's Complaint be dismissed for failure

to state a claim.

**DUANE MORRIS LLP**

Dated:  March 6, 2012               By:  /s/ William D. Barwick
                                          William D. Barwick
                                          Georgia Bar No. 041025
                                          DUANE MORRIS LLP
                                          Atlantic Center Plaza
                                          1180 West Peachtree Street NW, Suite 700
                                          Atlanta, GA 30309
                                          (404) 253-6970
                                          WDBarwick@duanemorris.com

                                          Dana J. Ash (admitted *pro hac vice*)
                                          Sean K. Burke (admitted *pro hac vice*)
                                          DUANE MORRIS, LLP,
                                          30 South 17th Street, 5th Floor
                                          Philadelphia, PA 19103
                                          Telephone: 215-979-1000
                                          Facsimile: 215-979-1020
                                          e-mail: DJAsh@duanemorris.com
                                          e-mail: SKBurke@duanemorris.com

                                          *Attorneys for Defendants Wright Medical*
                                          *Technology, Inc., Wright Medical Group,*
                                          *Inc., and Wright Medical Europe S.A.*

DM1\3199610.1

17

# CERTIFICATE OF FONT AND STYLE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the forgoing DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC., WRIGHT MEDICAL GROUP, INC., AND WRIGHT MEDICAL EUROPE S.A. MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW has been prepared in a font and style approved by LR 5.1B (14 point font, times new roman style).


Dated:  March 6, 2012                    By:  /s/ William D. Barwick
                                              William D. Barwick

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 6th day of March 2012, a true and correct copy of the foregoing DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC., WRIGHT MEDICAL GROUP, INC., AND WRIGHT MEDICAL EUROPE S.A. MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW was served via the Court's CM/ECF system on all counsel of record.

Dated:  March 6, 2012          By:  /s/ William D. Barwick
                                    William D. Barwick
                                    Georgia Bar No. 041025

                                    *Attorney for Defendants Wright*
                                    *Medical Technology, Inc., Wright*
                                    *Medical Group, Inc., and Wright*
                                    *Medical Europe S.A.*