# TRUST AGREEMENT

Wright Hip Qualified Settlement Fund Trust

In the action Captioned In Re: Wright Medical Technology, Inc. Conserve Hip Implant Products Litigation, Civil Action No. 1:12-md-02329-WSD (the "Action"), in the United States District Court for the Northern District of Georgia by Judge William S. Duffy, Jr. (the "Court") has ordered the creation of a settlement fund which meets the conditions of a "qualified settlement fund" under Internal Revenue Code ("IRC") § 468B and the Treasury Regulations  ("Treas. Reg.") issued thereunder, for the benefit of the Claimants in such action (the "Beneficiaries"), to be administered by Providio MediSolutions, LLC ("Providio"), as set forth in the "Order Establishing Qualified Settlement Fund and to Appoint QSF Administrator" dated _____, 2017 as ordered by the Court, attached herein at **Exhibit A** and incorporated by this reference (the "Order"). Accordingly, this Trust Agreement (the "Agreement") establishes the Wright Hip Qualified Settlement Fund Trust (the "Trust") effective _____, 2017 (the "Effective Date"), under which The Huntington National Bank ("Huntington") shall serve as trustee for the purposes of IRC § 468B (the "Trustee") and Providio, as the trust's creator, shall serve as QSF Administrator for the purposes of the Order.  The Trustee's duties, obligations and authorities are set forth below. Capitalized terms not otherwise defined herein shall have the meaning set forth in the Order.

## WITNESSETH:

**WHEREAS**, Wright Medical Technology, Inc. ("Wright Medical") has agreed to pay certain sums set forth in the Settlement Agreement signed by Plaintiffs' Counsel and Wright Medical (collectively referred to as "the Parties") on November 1, 2016, (hereinafter referred to as "Settlement Proceeds") into trust,  pending satisfaction of the other terms and conditions of the Settlement Agreement, attached hereto as **Exhibit B** (herein referred to as the "MSA"), to fully and completely extinguish any potential liability of Wright Medical to the Beneficiaries.

**WHEREAS**, the MSA sets forth the terms and conditions: (i) governing the creation of a "qualified settlement fund" (as defined in Treas. Reg. § 1.468B-1(a)); and (ii) governing the deposit of the Settlement Proceeds into that fund by Wright Medical to be retained therein and distributed therefrom in accordance with the terms of the MSA and this Agreement.

**WHEREAS**, Providio has arranged for Huntington, a financial institution with headquarters in  Columbus, Ohio, to hold the Settlement Proceeds, as set forth below.

**WHEREAS,** the funds in this Trust are for the benefit of certain Beneficiaries as designated in the Order and shall not be deemed available to the Beneficiaries except as provided herein.

**WHEREAS**, this Trust is irrevocable.

**WHEREAS,** this Trust is for the sole benefit of the Beneficiaries.

**NOW, THEREFORE,** the Trustee agrees to hold all of the property conveyed to the Trustee in accordance with the terms of this Agreement and to manage, invest and reinvest said property in trust at the direction of the QSF Administrator for the following uses and purposes.

## ARTICLE I

Name of Trust

This Trust shall be known as the Wright Hip Qualified Settlement Fund Trust (the "Trust") and is for the sole benefit of the Beneficiaries as defined in the Order during the existence of the Trust.

## ARTICLE II

Funding of Trust

The corpus of the Trust (the "Corpus") shall include all sums transferred by Wright Medical to the Trust pursuant to the Order or future orders of the Court and all income derived from any of such assets of the Trust. The Corpus shall be held by the Trustee in the Trust on behalf of the Beneficiaries, together with such moneys, donations and or other types of properties that any other person or persons may hereafter convey to the Trustee to be held under the terms of this Agreement. Additions may be made to the Trust from any source and at any time. The Trust estate may include property other than cash, including, but not limited to, securities, real estate and personal property.

## ARTICLE III

Purpose

The purpose of this Trust is to enable Providio to administer the funds paid to the Trust to allow for disbursements from the Trust, to establish special needs trusts and/or structured settlements (as applicable), and to allow the parties to reach settlement and release agreements. The purpose of the Trust includes, but is not necessarily limited to, (i) receiving, holding, and investing contributions from Wright Medical, (ii) implementing settlement agreements in accordance with their terms, and (iii) distributing amounts in accordance with such settlement agreements.

All payments from this Trust which are made for the benefit of the Beneficiaries are to be direct payments to the Beneficiaries or to a person or persons who supply either goods or services to the Beneficiaries such as the attorneys and providers of litigation services.

While this Trust is in existence, its assets shall in no way be assignable or alienable by the Beneficiaries through any process whatsoever and shall not be subject to garnishment, attachment, levy, or any other legal process of any court from any creditor of the Beneficiaries, nor shall they be an asset in any future bankruptcy of the Beneficiaries.

The terms and conditions of the MSA and the Order are incorporated herein, in their entirety, by reference. Each party hereto agrees to perform the duties and obligations of such party as set forth in the MSA and the Order. To the extent that there is any inconsistency between the terms of the MSA, the Order and this Agreement, the terms of the MSA and the Order shall control. Unless otherwise specified herein, the defined terms used in the MSA and Order shall also apply in this Agreement.

## ARTICLE IV

Disposition of Income and Principal

During the term of this Trust, and notwithstanding anything herein to the contrary, the Trustee is authorized to distribute from time to time, so much of the net income and principal of the Trust, as

instructed in writing by Providio in order to provide for the Beneficiaries, so long as such action is in compliance with the Order or a subsequent order of the Court. Trustee shall be entitled to rely on such written instructions by Providio and shall be entitled to presume such instructions are in compliance with the order or subsequent order and shall not be obligated to undertake any independent inquiry or determination in that regard. Any income of the Trust not so distributed shall be added annually to the principal of the Trust. It is not necessary for the Trustee to obtain prior court approval to make any distribution based on Providio's written instructions.

The purpose of the Trust is limited to the matters set forth in Article III hereof, and this Agreement shall not be construed to confer upon Huntington, as Trustee, or Providio as the QSF Administrator any authority to carry on any business or activity for profit (except the holding and investment of the trust assets).

Notwithstanding anything herein to the contrary, no funds allocated to an individual Claimant's settlement may be released from the Trust until the terms and conditions of Sections 4, 7, and 10 of the MSA have been satisfied as so directed in writing by Providio.

## **ARTICLE V**

### Trustee's Powers

In the administration of the Trust created hereunder, the Trustee shall have the following powers, all of which shall be exercised in a fiduciary capacity, primarily for and in the interests of the Beneficiaries:

(a) To hold and continue to hold as an investment, the property received hereunder and any additional property which may be received by it, as directed in writing by Providio.

(b) To engage in activities and to invest in assets as directed in writing by Providio. The Trustee shall not be liable for any loss resulting from the making or disposition of any investment pursuant to the provisions of this Agreement, and any such losses shall be charged to the Trust or the Trust's account with respect to which such investment is made.

(c) To deduct, retain, expend and payout of any money belonging to the Trust any and all necessary and proper expenses in connection therewith and the conduct of same, and to pay all taxes, insurance premiums and other legal assessments, debts, claims or charges which at any time may be due and owing, by, or which may exist against the Trust.

(d) To compromise, settle, arbitrate or defend any claim or demand in favor of or against the Trust.

(e) To incur and pay the ordinary and necessary expenses of administration, including (but not by way of limitation) reasonable attorneys' fees, banking fees, investment counsel fees and the like.

(f) To act hereunder through an agent or attorney-in-fact, by and under power of attorney duly executed by the Trustee, in carrying out any of the powers and duties herein authorized.

(g) To cause the securities held by it to be registered in the name of a nominee or in the form of street certificates, or in any other form, even though the same may fail to disclose the fact that the same is held in trust, or the terms upon which such property is held.

3

(h) Subject to the MSA and the Order, to freely act under all or any of the powers in this Agreement given to it in all matters concerning the Trust herein created, as instructed in writing by Providio, without the necessity of obtaining the consent or permission of any persons interested therein, or the consent or approval of any court, and notwithstanding that it may also be acting individually, or as trustee of other trusts, or as agent for other persons or corporations interested in the same matters, or maybe interested in connection with the same matters as a stockholder, director, or otherwise; provided, however, that it shall exercise such powers at all times in a fiduciary capacity primarily in the interests of the Beneficiaries hereunder.

(i) To make any and all elections and to exercise any and all options given to it by the Internal Revenue Code as the same may be amended from time to time and any regulations thereunder.

(j) To employ and enter into contracts with attorneys, investment counsel, and/or other persons providing care and personal services.

(k) To establish a bank account for the Trust and any sub-accounts as directed by Providio that are intended to meet the requirements of a QSF, the MSA and the Order..

The powers herein granted to the Trustee may be exercised in whole or in part from time to time and shall be deemed to be supplementary to and not exclusive of the general powers of trustees pursuant to the law, and shall include all powers necessary to carry the same into effect.

The Trustee undertakes to perform only those duties and obligations that are set forth specifically in this Agreement, and no duties or obligations shall be implied to the Trustee.

No provision of this Agreement shall require the Trustee to expend or risk its own funds or otherwise incur any liability or expense in the performance of any of its duties hereunder, or in the exercise of any of its rights or powers if it shall have reasonable grounds for believing that repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured to it.

The Trustee is entitled to seek and may act upon the opinion or advice of any attorney approved by the Trustee in the exercise of reasonable care. The Trustee shall not be responsible for any loss or damage resulting from any action taken or omitted to be taken in good faith in reliance upon that opinion or advice.

## ARTICLE VI

### Principal and Income

The Trustee shall have the power to determine the allocation of receipts and expenses between income and principal, provided such allocation is not inconsistent with the beneficial enjoyment of Trust property accorded to a life tenant or remainderman under the general principles of the laws of trusts, and provided that all rights to subscribe to new or additional stocks or securities and all liquidating dividends shall be deemed to be principal.

## ARTICLE VII

### Accounting By Trustee

The Trustee shall maintain accurate accounts and records. The Trustee shall deliver monthly financial statements for the Trust to Providio to be shared with other parties pursuant to the Order. The Trustee shall render annual accountings for internal purposes and use in connection with tax filings within ninety (90) days after the end of each calendar year. Counsel of a Beneficiary may request a copy of any such accounting. If counsel makes such a request, Trustee shall deliver a copy within fifteen (15) days of the request. If, upon review, counsel of the Beneficiary has any objection to the accounting, such objection must be registered with the Trustee no later than thirty (30) days after such counsel's receipt of the annual accounting. Any objections must be in writing, must state with particularity the item or items to which the objections are directed, and must state the grounds on which the objections are based. If a counsel files any objections to an accounting on behalf of a Beneficiary, and if the counsel does not file a complaint with the court that issued the Orders for the Trust to be formed and schedule the complaint for hearing within ninety (90) days after the filing of the objections with the Trustee, then the objections shall be deemed abandoned; moreover, in the case of a final accounting, the Trustee may distribute the assets of the trust according to the proposed plan set forth in the final accounting. Upon scheduling any such complaint for hearing, such counsel shall provide proper notice of such hearing to all interested persons and parties.

## ARTICLE VIII

### Provisions Regarding Trustee

(a) Except as provided under (f) of this Article IX, if the Trustee shall resign, or cease to act as a Trustee hereunder for any reason whatsoever, then, in that event, the Court shall appoint a successor Trustee.

(b) The resigning Trustee shall continue to serve as Trustee until such time as a court of competent jurisdiction has appointed a successor Trustee.

(c) Promptly after receiving notice of the appointment of a successor Trustee, the resigning Trustee shall render its final accounting and shall transfer and deliver to such successor Trustee, all trust assets then held by it, whereupon it shall have full and complete a quittance for all assets so delivered and shall have no further duties hereunder. Every successor Trustee appointed hereunder shall possess and exercise all powers and authority herein conferred upon the original Trustee.

(d) Any Trustee serving hereunder may be removed at any time by the Beneficiaries then collectively receiving a majority of the income of any trust created hereunder. Said Beneficiaries shall give the Trustee thirty (30) days prior written notice of their intention to remove said Trustee. In the event that the Grantor has not named a successor Trustee within the said thirty (30) day period, the Beneficiaries then collectively receiving a majority of the income of any trust created hereunder shall petition a court of competent jurisdiction to appoint a successor Trustee. In the event the Beneficiaries shall fail to petition a court of competent jurisdiction to appoint a successor Trustee, then in that event, the then serving Trustee shall continue to serve as Trustee until a court of competent jurisdiction has appointed a successor Trustee.

DM1\7872896.4
DM1\7934043.1

  (e)  A successor Trustee hereunder shall have no responsibility or accountability for the acts of a predecessor Trustee; the successor's responsibility and accountability shall be limited to those assets or properties, record title to which is in the name of the predecessor Trustee and shall commence on the date when the successor Trustee assumes custody of those assets.

  (f)  Any Trustee hereunder shall be liable only for its own willful breach of trust or gross negligence in the exercise of her, his or its duties and not for any honest error in judgment. Trusteee shall be entitled to rely upon written instructions by Providio and shall not be held liable in any way for complying with such written instructions.

  (g)  If for any reason the Trustee is unwilling or unable to act as Trustee as to any property which shall be subject to administration in another state, such person or qualified corporation as the Beneficiaries then receiving a majority of the income from the trust established herein shall from time to time designate in writing, shall act as Trustee as to such property. Each Trustee so acting shall exercise the powers granted by this Agreement only upon the direction of the other Trustee then serving hereunder. Any person or corporation so acting as Co-Trustee pursuant to the provisions of this section (g) may resign at any time by giving written notice to the other Trustee then acting hereunder. The net income and proceeds from the sale of any part or all of the property in any other state shall be remitted to the other Trustee acting hereunder to be administered under this Agreement.

  (h)  Under no condition shall any of the Beneficiaries be permitted to serve as Trustee or Co-Trustee of this Agreement.

## ARTICLE IX

### Compensation of Trustee

  The Trustee of any trust created pursuant to this Agreement shall be entitled to receive reasonable compensation for its service from the income of the Trust or from the Common Benefit Expense Account pursuant to separate agreement between Trustee, Providio and the Plaintiffs' Negotiating Committee for the Action and, subject to review and modification by the Court.

## ARTICLE X

### Situs

  The initial situs of the Trust shall be Georgia. The situs may be changed at any time to any jurisdiction (within or without of the United States), as the Trustee may determine in the Trustee's sole discretion. The Trustee shall not be required to seek court approval to make the change in the Trust situs, or to qualify or account to any court of any jurisdiction in exercising this power.

## ARTICLE XI

### Spendthrift Provision

  The interest of any beneficiary under the Trust, in either income or principal, may not be anticipated, alienated, or in any other manner assigned by said beneficiary and will not be subject to any legal process, bankruptcy proceedings, or the interference or control of said beneficiary's creditors, spouse, or others.

## ARTICLE XII

### SECTION 468B Settlement Fund.

It is the intent of this Trust that all steps be taken by the Trustee and Beneficiaries to ensure that the Trust established by the Court will qualify as, and remain, a "Designated" or "Qualified" settlement fund within the meaning of IRC § 468B, and the Treasury Regulations promulgated pursuant thereto and codified at 26 C.F.R. §1.468B-1. Wright Medical shall be classified as a "transferor" within the meaning of Treas. Reg. §1.468B-1(d)(1). The Trustee will elect to apply settlement fund rules, if appropriate, by filing a "Section 1.468B-5(b)(2) Election."

It is further intended that the transfers to the Trust will satisfy the "all events test" and the "economic performance" requirement of IRC § 461(h)(1), and Treas. Reg. § 1.461-1(a)(2). As such, it is the Trustee's understanding that Wright Medical, as transferor, shall not be taxed on the income of the Trust. Instead, the Trust shall be taxed on its modified gross income, excluding the sums, or cash equivalents of things, transferred to it. In computing the Trust's modified gross income, deductions shall be allowed for, *inter alia*, administrative costs and other incidental deductible expenses incurred in connection with the operation of the Trust, including, without limitation, state and local taxes and legal, accounting, and actuarial fees relating to the operation of the Trust.

## ARTICLE XIII

### 468B Tax Provisions

(a)     Taxpayer Identification Number.  The Trustee shall obtain a federal Taxpayer Identification Number for the Trust.  All taxes on the income of the Trust and expenses and costs incurred in connection with the taxation of the Trust (including, without limitation, the expenses of tax attorneys and accountants) shall be paid out of the Trust Corpus, shall be considered to be a cost of administration of the settlement, and shall be paid as instructed by the Trustee.

(b)     QSF Status.  It is the Trustee's understanding that the terms and conditions of Section 10.6 of the MSA, together with this Article XIV, shall govern the tax treatment of the Trust.  Upon receipt of the settlement funds by the Bank, the Trustee shall promptly take all steps necessary for qualifying the Trust as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 and in accordance with Section 10.6 of the MSA.  These obligations include, without limitation, the following:

(i)     Regulation § 1.468B-3 Statement.  The Trustee will prepare a "Regulation § 1.468B-3 Statement" pursuant to Treas. Reg. § 1.468B-3(e) on behalf of Wright Medical and provide copies to Wright Medical's counsel for review and approval.  The "Regulation § 1.468B-3 Statement" may be a joint statement as permitted under *Treas. Reg.* § 1.468B-3(e)(2)(ii).

(ii)     Regulation § 1.468B-1 Relation Back Election.  If required, the Trustee will prepare and attach to the income tax return of the Trust a "Regulation § 1.468B-1 Relation Back Election" pursuant to *Treas. Reg.* § 1.468B-1(j) for execution by Wright Medical and the Administrator.  The Trustee will forward a copy of the "Regulation § 1.468B-1 Relation Back Election" to Wright Medical promptly after filing the same.

(iii) <u>Income Tax Returns</u>.  The Trustee will timely and properly prepare and file on behalf of the Trust: (i) federal tax, information and withholding returns in accordance with Treas. Reg. § 1.468B-2 and the other provisions of the Internal Revenue Code of 1986, as amended; and (ii) all necessary state and local tax returns.

(iv) <u>Qualification under IRC § 468B</u>.  Notwithstanding anything herein to the contrary, this Trust shall at all times qualify as a "qualified settlement fund" under IRC § 468B.  Accordingly, the Trustee shall take any action necessary to ensure that the Trust remains an IRC § 468B QSF.  Further, if any part of this Agreement is deemed in noncompliance with IRC § 468B or the accompanying regulation thereunder, that particular provision shall be considered null and void.

(c) <u>Tax Treatment of Wright Medical</u>.  Notwithstanding any effort to treat the Trust as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 effective as of the date hereof, if Wright Medical incurs any taxes or additional tax liability, interest, penalties or other tax-related losses of any kind (such tax liability, interest, penalties and/or losses hereinafter collectively referred to as "Tax Detriments") resulting from income earned by the Trust, then the Trustee shall use commercially reasonable efforts to obtain a Court order authorizing payment of any such Tax Detriments to Wright Medical out of the Trust.  Where a Court order is not obtained, the Trustee may, in its sole and absolute discretion, make the payment to Wright Medical after consultation with its tax advisors, taking into account the requirements of Treas. Reg. §1.468B-3(c)(2).  Notwithstanding the foregoing, no payment of a Tax Detriment to Wright Medical shall occur if the Trustee's tax advisors determine that such payment will in any way adversely affect the Trust's treatment under IRC § 468B.

## ARTICLE XIV

### Miscellaneous

Throughout this Agreement, except where the context otherwise requires, the masculine gender shall be deemed to include the feminine and vice versa, the neuter gender shall be deemed to include the masculine and/or feminine gender where appropriate, and the singular shall be deemed to include the plural and vice versa.

## ARTICLE XV

### Bond

Pursuant to the Order, any individual person, or persons, appointed to act as a Trustee, or successor Trustee, under this Agreement of Trust shall not be required to post a bond.

## ARTICLE XVI

### Irrevocability

This Trust and any additional trusts hereby created shall be irrevocable. All of the parties hereto expressly waive all rights and powers, whether alone or in conjunction with others, and regardless of when or from what source, to alter, amend, revoke or terminate the Trust or any of the terms of this Agreement in whole or in part.

DM1\7872896.4
DM1\7934043.1

Notwithstanding the irrevocability of this Agreement, this Trust may be amended from time to time to effect its purposes and intent. The Trustee may also, but is not required to, amend this Agreement, so that it conforms with any statutes, rules or regulations that are approved by any governing body or agency.

## ARTICLE XVII

Termination

This Trust shall terminate on the earlier of the date (1) of a Court order terminating the Trust or (2) it no longer has assets and will not receive any more transfers.

**IN WITNESS WHEREOF,** the Trustee has affixed its signature below in acknowledgment of its agreement to abide by the terms and conditions of this Trust Agreement (specifically including, without limitation, the terms of the Order as it relates to the Trust) as of the Effective Date.

**Trustee:**

The Huntington National Bank

By: _____
Name: _____
Its: _____

Settlor (Creator):

Providio MediSolutions, LLC

By:
Name:
Its:

9